# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **MURRAY LARSON and JOAN LARSON,**        Plaintiffs, <br><br> vs. <br><br> **TYSON FRESH MEATS, INC., f/k/a IBP, INC.,**        Defendant. | CASE NO. 8:00CV529 <br> and consolidated cases: <br> 8:00CV530; 8:00CV531; 8:00CV532; <br> 8:00CV533; 8:00CV534; 8:00CV535; <br> 8:00CV536; 8:00CV537; 8:01CV27; <br> 8:01CV28; 8:02CV293 <br><br> **MEMORANDUM AND ORDER GRANTING IN PART PLAINTIFFS' MOTION TO CERTIFY CERTAIN ORDERS FOR INTERLOCUTORY APPEAL** |

This matter is before the Court on the Plaintiffs' Motion to Certify Certain Orders for Interlocutory Appeal in these consolidated cases. (See e.g., 8:00CV529, Filing No. 403). The Plaintiffs seek certification of twelve issues, the reasons for which are set forth in the primary and reply briefs. (See e.g., 8:00CV529, Filing Nos. 403, 406). The Defendant, IBP, Inc., opposes certification of any issues for interlocutory appeal. (See e.g., 8:00CV529, Filing No. 405).

The Plaintiffs, in thirteen separate cases, sued the Defendant, Tyson Fresh Meats, Inc., f/k/a IBP, Inc., in the years 2000 through 2002, and the Court consolidated the cases for discovery and all pretrial proceedings. The first of the fourteen cases was tried to a jury over nine days from February 8 - 24, 2005, *Marmo v. IBP, Inc.,* 8:00CV527. A Notice of Appeal has been filed in that case (on appeal, Case No. 05-1906). Generally, the pretrial motions filed in the *Marmo* case were also filed in the other twelve cases, and consequently, most of the Court's pretrial rulings, memoranda, and orders filed in *Marmo* were also filed in the other twelve cases.

In this motion, the Plaintiffs seek the Court's certification of certain issues for interlocutory appeal under 28 U.S.C. 1292(b). That section states:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292. "Permission to allow interlocutory appeals should be granted sparingly and with discrimination." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994). For the reasons explained briefly below, I conclude that two Memoranda and Orders satisfy the jurisdictional requirements of 28 U.S.C. §1292(b), and I will amend them to certify that they involve controlling questions of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from these orders may materially advance the ultimate termination of this litigation and the litigation of all the consolidated cases. The two rulings are:

1. Memorandum and Order dated January 26, 2005, limiting the testimony of Dr. Harriet Ammann relative to medical causation; and

2. Memorandum and Order dated January 14, 2005, affirming the order of Magistrate Judge Gossett dated December 10, 2004, that prohibited the Plaintiffs' use of testimony from rebuttal witnesses in the Plaintiffs' case-in-chief.

I agree with the Defendant that the January 14, 2005, Memorandum and Order involves the exercise of this Court's discretion rather than an unresolved issue of law.

2

However, I note that a district court's discretion in these types of pretrial evidentiary matters is not unfettered, and that courts have agreed that a question of law is "controlling" under §1292(b) if its incorrect disposition would require reversal of the final judgment or if its resolution will affect the further course of the litigation.  See *Sokaogon Gaming Enterprise Corp. v. Tushie-Montgomery Associates, Inc.,* 86 F.3d 656, 659 (7th Cir.  1996)(stating that a question is controlling "if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so"); *Kapossy v. McGraw-Hill, Inc.*, 942 F.Supp. 996, 1001 (D.N.J. 1996) citing *Katz v. Carte Blanche Corp.,* 496 F.2d 747, 755 (3d Cir.1974)(stating that a "question is 'controlling' if its incorrect disposition would require reversal of the final judgment"); *Stout v. Illinois Farmers Ins. Co.,* 882 F.Supp. 776, 778 (S.D.Ind. 1994)(stating whether a question is controlling "is a threshold issue which seriously affects the way that the court conducts the litigation.")  If the Eighth Circuit Court were to conclude either that Dr. Ammann should have been allowed to give expert opinion testimony regarding the cause of an individual Plaintiff's medical condition, or that this Court abused its discretion in prohibiting the Plaintiffs from calling expert witnesses who were disclosed as rebuttal expert witnesses during their case-in-chief, then the final judgments in these cases would be reversed, and would likely need to be retried.  For these reasons, I conclude that the January 14, 2005, and January 26, 2005, rulings involve controlling questions of law.

The fact that these rulings affect not one, but *twelve*, remaining cases makes the issues "extraordinary" in a manner that one discretionary ruling affecting one case is not. Moreover, if the Eighth Circuit Court agrees to take the appeal, then regardless of its disposition of the appeal, this Court will be in a much better position to progress and try the

remaining twelve cases in an efficient manner.

With regard to the other orders that I have declined to certify, I make the following observations. The orders can be placed into three general categories. The first category includes orders relating to the consolidation of the cases for trial and the order in which the cases are called for trial. I find that the orders in this category are primarily administrative. These issues are not appropriate for certification because they do not present controlling questions of law. Further, I find no basis to believe that any action taken by the Eighth Circuit Court of Appeals relative to the orders on consolidation and trial order would *materially* advance the ultimate termination of the litigation that is pending in the district court.

The remaining orders fall into one of two categories: orders relating to the testimony of Dr. Harriet Ammann, and orders denying the Plaintiffs' motions to call rebuttal experts in their case-in-chief. While Magistrate Judge Gossett's order dated December 10, 2004, and my orders dated February 9, 2005, February 3, 2005, and January 28, 2005, might otherwise qualify for certification under 28 U.S.C. §1292(b), I find that, in this instance, they should not be certified because they are, in essence, duplicative or redundant of the two orders that I have agreed to certify. With respect to Magistrate Judge Gossett's December 10, 2004, Report and Recommendation, I will amend the January 14, 2005, Memorandum and Order not only to include the certification language but also to incorporate the December 10, 2004, Report and Recommendation into the Memorandum and Order adopting it.

If the Eighth Circuit Court chooses to consider the appeal of the two Memoranda and

Orders that I certify for interlocutory appeal, then this Court will have additional information that will assist it in the efficient progression and trial of these consolidated cases.

IT IS ORDERED:

Plaintiffs' Motion to Certify Certain Orders for Interlocutory Appeal in these consolidated cases is granted in part and denied in part, consistent with this Memorandum and Order.  (8:00CV529, Filing No. 403; 8:00CV530, Filing No. 376; 8:00CV531, Filing No. 380; 8:00CV532, Filing No. 377; 8:00CV533, Filing No. 384; 8:00CV534, Filing No.  382; 8:00CV535, Filing No. 380; 8:00CV536, Filing No. 375; 8:00CV537, Filing No. 378; 8:01CV27, Filing No. 392; 8:01CV28, Filing No. 367; and 8:02CV293, Filing No. 307).

Dated this 4th day of May, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge