# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MURRAY AND JOAN LARSON,** et. al. | ) ) ) | CASE NO. 8:00CV529 and Consolidated Cases 8:00CV530; 8:00CV531; |
| Plaintiffs, | ) ) | 8:00CV532; 8:00CV533; 8:00CV534; 8:00CV535; 8:00CV536; 8:00CV537; |
| vs. | ) ) | 8:01CV27; 8:01CV28; 8:02CV293 |
| **TYSON FRESH MEATS, INC.,** f/k/a IBP, INC., | ) ) ) | AMENDED MEMORANDUM AND ORDER |
| **Defendant.** | ) | |

This matter is before the Court in these consolidated cases on the Statement of Appeal from the Order of Magistrate Judge F.A. Gossett, III, dated December 10, 2004, denying the Plaintiffs' Motion for Relief from Court's Progression Orders and to Change Designation of Certain Experts. (8:00CV527, Filing No. 340 [Order at Filing No. 313]; 8:00CV529, Filing No. 330 [306]; 8:00CV530, Filing No. 328 [307]; 8:00CV531, Filing No. 332 [311]; 8:00CV532, Filing No. 329 [308]; 8:00CV533, Filing No. 336 [315]; 8:00CV534, Filing No. 334 [313]; 8:00CV535, Filing No. 332 [311]; 8:00CV536, Filing No. 327 [306]; 8:00CV537, Filing No. 330 [309]; 8:01CV27, Filing No. 342 [319]; Filing No. 8:01CV28, Filing No. 319 [298]; 8:02CV293, Filing No. 259 [230]). The Plaintiffs have filed a brief and evidence in support of their appeal, and Defendant, IBP, Inc. ("IBP"), has filed a brief in opposition to the appeal. (*See, e.g.*, 8:00CV527, Filing No. 341, 342, and 358.)

The Plaintiffs' motion seeks the Court's permission to call six expert witnesses[1] in their case-in-chief whom the Plaintiffs have previously identified as "rebuttal" experts. Judge Gossett denied the motion. He recalled that the witnesses who are the subject of

---

[1] Doctors Meggs, Morrow, Warmerdam, Buchsbaum, Lurito, and Ms. Renee Kalmes.

this motion were identified as rebuttal witnesses because Plaintiffs had not timely disclosed them as experts in Plaintiffs' case-in-chief under the progression order deadline for the disclosure of expert witnesses. Judge Gossett observed that the parties' disclosures of expert witnesses were to be made more than two years ago. (*See, e.g.,* Filing No. 313 at 1). He also concluded that Plaintiffs cannot show good cause to support a designation of "a new set of primary expert witnesses less than two months prior to trial of the first case." (*Id.* at 2). Plaintiffs appeal from his order.

## ANALYSIS

In an appeal of a nondispositive order, this Court may modify, set aside, or remand the order or any portion thereof found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); NECivR 72.2(c).[2] Because I do not find Judge Gossett's decision to be clearly erroneous or contrary to law, the appeal will be denied, and Judge Gossett's order will be affirmed.

The issue warrants only brief discussion. "Rule 16 gives the district court the authority to set management deadlines and to impose sanctions for their violation. Fed.R.Civ.P. 16(b), (c)(5)-(7), (f). The rules thus permit a court to exclude untimely evidence unless the failure to disclose was either harmless or substantially justified." *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998). *See also Widhelm v. Wal-Mart Stores, Inc.*, 162 F.R.D. 591, 593 (D. Neb. 1991).

---

[2] To the extent that Judge Gossett's order may be seen as requiring *de novo* review because of its dispositive effect on the Plaintiffs' medical claims, there is no issue because the Court in fact conducted a *de novo* review and is in agreement with Judge Gossett's order.

Plaintiffs' Statement of Appeal and the motion are bereft of facts to establish that the delay in disclosing these experts was substantially justified. The Defendants, on the other hand, have demonstrated that the redesignation of these "rebuttal" witnesses to "primary" witnesses will significantly prejudice their case. The unfair prejudice to the Defendants is obvious because the Defendants reasonably relied on the Plaintiffs' primary expert witness disclosure in selecting their own expert witnesses, and because Defendants developed motion and trial strategies in reliance on the expert witness evidence that was timely disclosed.

The first trial of these cases is scheduled to begin within a month's time.[3] There is no way to eliminate the unfair prejudice that will befall the Defendants if the Plaintiffs' motion is granted, short of a granting a significant continuance of trial dates and forcing the Defendants to redevelop their case in the eleventh hour – neither of which this Court is willing to do. Because I agree with Judge Gossett's decision, and because I conclude that his December 10, 2004, Order is neither clearly erroneous nor contrary to law, I shall deny the Statement of Appeal. A copy of Judge Gossett's decision is attached to this Amended Memorandum and Order.

Because a district courts' discretion in these types of pretrial evidentiary matters is not unfettered, I shall certify for interlocutory appeal this Amended Memorandum and Order in all the consolidated cases except the *Marmo* case (8:00CV527). An order must be certified by the district court before an interlocutory appeal may be taken pursuant to 28 U.S.C. 1292(b). That section states:

---

[3] This statement from the original order (Filing No. 362) is left intact, although with this amendment to that order, the trial of the first matter has already occurred. Following entry of a jury verdict in favor of the Plaintiff in the amount of $17,500, the case was appealed by the Plaintiff and is now pending before the Eighth Circuit Court of Appeals, *see Carol Marmo v. IBP, Inc.*, No. 05-1906.

3

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292. "Permission to allow interlocutory appeals should be granted sparingly and with discrimination." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994).

An issue of law is controlling under 28 U.S.C. §1292(b) if its incorrect disposition would require reversal of the final judgment or if its resolution will affect the further course of the litigation. *See Sokaogon Gaming Enterprise Corp. v. Tushie-Montgomery Associates, Inc.,* 86 F.3d 656, 659 (7th Cir. 1996)(stating that an issue is controlling "if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so"); *Kapossy v. McGraw-Hill, Inc.*, 942 F.Supp. 996, 1001 (D.N.J. 1996) citing *Katz v. Carte Blanche Corp.,* 496 F.2d 747, 755 (3d Cir.1974)(stating that a "question is 'controlling' if its incorrect disposition would require reversal of the final judgment"); *Stout v. Illinois Farmers Ins. Co.,* 882 F.Supp. 776, 778 (S.D.Ind. 1994)(stating whether an issue is controlling "is a threshold issue which seriously affects the way that the court conducts the litigation.") I conclude that the order in this matter involves a controlling issue of law. Indeed, subsequent to the original order being filed, the Court determined that the Defendant was entitled to summary judgment on Plaintiffs' claims of permanent medical conditions because the Plaintiffs' failure to provide evidence of medical causation.

The other requirements of §1292(b) are also satisfied. The parties' briefs filed in connection with the Statement of Appeal demonstrate that there is substantial ground for

difference of opinion on the issue. Some courts have allowed the redesignation of witnesses, even on the eve of trial, and other courts exercised discretion to preclude late disclosure of witnesses, taking into account the specific facts relevant in each case. In addition, this order affects not one, but all twelve remaining cases, and the Eighth Circuit Court's resolution of this issue by immediate appeal would materially advance the ultimate termination of the litigation of all twelve remaining cases. The consolidated nature of these cases bears on the desirability of immediate appeal.

If the Eighth Circuit Court agrees to take the appeal, then regardless of its disposition of the appeal, this Court will be in a much better position to progress and try the remaining twelve cases in an efficient manner. For this reason, I conclude that this Amended Memorandum and Order satisfies the statutory requirements for certification pursuant to §1292(b). Accordingly,

IT IS ORDERED:

1. The Plaintiffs' Statement of Appeal (8:00CV527, Filing No. 340; 8:00CV529, Filing No. 330; 8:00CV530, Filing No. 328; 8:00CV531, Filing No. 332; 8:00CV532, Filing No. 329; 8:00CV533, Filing No. 336; 8:00CV534, Filing No. 334; 8:00CV535, Filing No. 332; 8:00CV536, Filing No. 327; 8:00CV537, Filing No. 330; 8:01CV27, Filing No. 342; Filing No. 8:01CV28, Filing No. 319; 8:02CV293, Filing No. 259) is denied;

2. The Order of Magistrate Judge F.A. Gossett, III, dated December 10, 2004, denying the Plaintiffs' Motion for Relief from Court's Progression Orders and to Change Designation of Certain Experts (8:00CV527, Filing No. 313; 8:00CV529, Filing No. 306; 8:00CV530, Filing No. 307; 8:00CV531, Filing No. 311; 8:00CV532, Filing No. 308; 8:00CV533, Filing No. 315; 8:00CV534,

    Filing No. 313; 8:00CV535, Filing No. 311; 8:00CV536, Filing No. 306; 8:00CV537, Filing No. 309; 8:01CV27, Filing No. 319; Filing No. 8:01CV28, Filing No. 298; 8:02CV293, Filing No. 230) is affirmed; and

3. Because this Court is of the opinion that this Amended Memorandum and Order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the Plaintiffs may take an appeal from this Amended Memorandum and Order.

DATED this 4th day of May, 2005.

            BY THE COURT:

            s/Laurie Smith Camp
            Laurie Smith Camp
            United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CAROL MARMO,** | ) | 8:00CV527 |
| | ) | and Consolidated Cases |
| **Plaintiff,** | ) | 8:00CV529, 8:00CV530, 8:00CV531, |
| | ) | 8:00CV532, 8:CV533, 8:00CV534, |
| vs. | ) | 8:CV535, 8:00CV536, 8:CV537, |
| | ) | 8:01CV28, and 8:02CV293 |
| **IBP, INC.,** | ) | |
| | ) | ORDER |
| **Defendant.** | ) | |
| | | |
| **RICK SHIMITZ, et al.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | 8:01CV27 |
| vs. | ) | |
| | ) | ORDER |
| **IBP, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Plaintiffs have filed a document captioned "MOTION FOR RELIEF FROM COURT'S PROGRESSION ORDERS AND TO CHANGE DESIGNATION OF CERTAIN EXPERTS." Not surprisingly, defendant objects.

In order to "streamline" the presentation of evidence at trial, plaintiffs seek to

modify their previous designation of Dr. William Meggs, Dr. Lisa Morrow, Dr. John Warmerdam, Ms. Renee Kalmes, and for the Shimitz case, Dr. Monte Buchsbaum and Dr. Richard Lurito, as "rebuttal" experts, and to remove the "rebuttal" designation to make it clear these witnesses will be called in Plaintiffs' cases in chief.

The court recalls that these witnesses were designated as "rebuttal" experts because plaintiffs did not timely disclose them as primary experts qualified to present evidence in plaintiffs' cases in chief. That deadline expired over two years ago.

During the long life of these actions, the court has attempted to keep the litigation on some kind of lucid schedule. Plaintiffs are advised that the court's scheduling orders were not just empty threats; the court did really intend for the plaintiffs to disclose their primary expert witnesses over two years ago, just as the orders said. The plaintiffs did disclose

primary experts in accordance with that schedule and those are the witnesses who may be called to testify in plaintiffs' cases in chief.  In other words, all parties in all cases governed by the Federal Rules of Civil Procedure – not just the plaintiffs in these cases – are precluded from calling any expert witnesses in their cases in chief who were not timely disclosed.  The testimony of "rebuttal" witnesses is limited to that which is "rebuttal" in character.

Plaintiffs can show no good cause, at this very late date, as to why they should be given leave, essentially, to designate a new set of primary expert witnesses less than two months prior to trial of the first case.

**IT IS ORDERED** that plaintiffs' "MOTION FOR RELIEF FROM COURT'S PROGRESSION ORDERS AND TO CHANGE DESIGNATION OF CERTAIN EXPERTS" is denied.

**DATED December 10, 2004.**

> **BY THE COURT:**
>
> **s/ F.A. Gossett**
> **United States Magistrate Judge**